MEMORANDUM DECISION
Appellant, Brian A. Hudson, has filed a motion to file a delayed appeal, pursuant to App. R. 5(A), from his judgment of conviction rendered July 25, 1997. App. R. 5(A) provides as follows:
RULE 5. Appeals by leave of court in criminal cases
 (A) Motion by defendant for delayed appeal. After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right in criminal cases, an appeal may be taken only by leave of the court to which the appeal is taken. A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. * * *
Although App. R. 5(A) has been amended to delete requirements that the appellant set forth reasons that would support his appeal, this court has recognized that the rule does not operate to permit unlimited access to appellate courts. The rule does not relieve the moving party from demonstrating a reasonable explanation for failure to perfect a timely appeal.State v. Cromlish (Sept. 1, 1994), Franklin App. No. 94APA06-855, unreported (1994 Opinions 3972).
Appellant contends that he failed to file a timely notice of appeal because he was not advised by his trial counsel of his right to appeal and that he was not appointed appellate counsel until after the expiration of the appellate time. Appellant further alleges he was ignorant of the law. Inasmuch as appellant states that he was provided with appellate counsel, he has failed to set forth any valid reason as to why appellate counsel did not timely file a notice of appeal or why he did not file a notice of appeal in the last two years.
Therefore, appellant's motion for delayed appeal is overruled.
Motion for delayed appeal denied.
DESHLER and KENNEDY, JJ., concur.